# Pratt v. Southern Railway Company.

*Injury to Servant.*

(Decided Jan. 20, 1910.   51 South. 604.)

*Master and Servant; Contributory Negligence; Evidence.*— Where the plaintiff was a switchman and stood between the rails of the track on which a switch engine was approaching at the rate of from two to four miles an hour, and who undertook to mount the footboard when the engine came within stepping distance, and fell and was injured, he was guilty of contributory negligence barring recovery: this, notwithstanding, the footboard and the handhold were defective and he had a right as such switchman to ride on the footboard.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

[Pratt v. Southern Railway Company.]

Action by R. L. Pratt, a switchman, against the Southern Railway Company for injury, received while attempting to board a switch engine. Judgment for defendant and plaintiff appeals. Affirmed.

JERE C. KING, for appellant.—Counsel insist that under the pleading and facts in this case, the plaintiff was not guilty of contributory negligence, as his injury was not due to his efforts to mount the engine but to a defect in the handhold and switchboard, and that where there are two causes contributing to the injury, the law traces it to the last proximate cause.—*A. G. S. v. Vail*, 142 Ala. 134, and authorities there cited.

WEATHERLY & STOKELY, for appellee.—The appellant's conduct was so negligent as to bar his right of recovery.—*Andrews v. Bir. Min.*, 99 Ala. 438; *Burgen v. L. & N.*, 97 Ala. 274; *R. & D. v. Bivens*, 103 Ala. 143.

McCLELLAN, J.—The court below gave the affirmative charge for the defendant (appellee) evidently upon the theory that the plaintiff was guilty of negligence that contributed proximately to his injury. We concur in the conclusion entertained and applied below. The plaintiff was a switch engine foreman. The engine had been at rest for some time in consequence of a "block" caused by another train. The engine, of the switch engine type, was started in the direction of plaintiff, he standing between the rails of the track over which the engine was approaching him, at a rate of from two to four miles an hour. Though knowing of the approach of the engine, he remained where he was, and when the engine reached a point within stepping distance he undertook to and did place his foot on the footboard, which, there was evidence tending to show, was bent or so out of condition as to render it difficult to stand upon it or hold a footing on it, and reached for

[Pratt v. Southern Railway Company.]

the handhold. The evidence was in dispute as to whether there was a handhold or not. The plaintiff testified there was none, and his effort to grab it, and thereby maintain his place on the footboard, failed. He immediately fell in front of the engine and was injured. There was evidence to the effect that servants, such as this plaintiff was, had the right to ride on the footboards of switch engines. However, this testimony had no tendency to show that proper prudence was employed in attempting to board the engine as plaintiff did.

The chief point of contention for appellant seems to be that, since a properly constructed or equipped switch engine should have unbent footboards at the forward and rear ends, and also a handhold or handholds, the proximate cause of this injury should be ascribed to the bent footboard, or to the absence of a proper handhold, or to both, and, in the operation, relegating the negligent act of the plaintiff in attempting to board the engine to the creating of a condition, merely, upon the imperfections of the mechanism referred to operated to afford the proximate cause of the injury. The defect or defects complained of existed before plaintiff negligently placed himself in a position wherefrom his injury resulted. It was his negligent act that gave opportunity for injury to flow from the defect or defects. Without this negligent act the imperfections were inactive, harmless to plaintiff. His right to ride on the footboard did not, as stated, comprehend any right to leave the course of at least ordinary prudence to enjoy that right to ride. Viewed with utmost favor to the plaintiff, the defects described in his peading concurred with his imprudent, negligent act in the great injury that befell him.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.